## The Union Improvement Company *versus* The Commonwealth.

1. It was provided by a supplemental act in 1862, that the "capital stock and dividends" of an improvement corporation should not be taxable. By the Act of May 1st 1868, "the capital stock of all companies whatever incorporated under any law of this Commonwealth, &c., except banks, &c., shall be subject to pay a tax annually at the rate," &c. *Held*, that the Act of 1862 was repealed by the Act of 1868, and the corporation was liable to taxation under the Act of 1868.

2. In the original act of incorporation, the legislature reserved the right to alter, &c., the charter, at any time thereafter. This conferred power to impose the tax.

3. Commonwealth *v.* Fayette Co. Railroad, 5 P. F. Smith 452; Iron City Bank *v.* Pittsburg, 1 Wright 340, adopted.

May 16th 1871.   Before READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of *Dauphin county*: Of May Term 1871, No. 94.

The case came into the court below on an appeal by the Union Improvement Company, filed January 31st 1871, from a settlement against them by the accounting officers of the Commonwealth. The following is the settlement: —

"For tax on capital stock, per Act of May 1st 1868, for the years ending first Monday of November 1868, 1869 and 1870, as per report herewith filed.

| | | |
|---|---|---|
| 1868. Dividend, 4½ per ct. on $711,550. Tax 2¼ mills | $1600 | 98 |
| Add 10 per ct. per Act May 1st 1868 | 160 | 09 |
| 1869. Dividend, 9½ per ct. on $711,550. Tax 4¾ mills · | 3379 | 86 |
| Add 10 per ct. per Act May 1st 1868 | 337 | 98 |
| 1870. Dividend, 9 per ct. on $711,550. Tax 4½ mills | 3201 | 67 |
| | | |
| Due Commonwealth | $8680 | 88 |

The specifications of appeal against the settlement, were:—

1. Because there is no law of the Commonwealth of Pennsylvania, authorizing the settlement of such a tax on the appellants.

2. Because it is claimed to be settled against the appellants, under the Act of May 1st 1869, when they are not taxable upon their capital stock under said act, because the second section of the said act requires the president and treasurer, only of companies "who are taxable under the laws of this state," to report the dividends declared and appraise the stock. The appellants being expressly exempted from all taxation on capital stock by the Act of April 11th 1862, supplemental to their act of incorporation, and by the fourth proviso of the fourth section of an "Act to in-

corporate the Ransch Creek Company," approved April 2d 1860, they were not taxable under the laws of this state, and consequently not required to report their dividends or appraise the stock, or pay the tax provided for by the fourth section of said act.

3. Because it is in violation of the first clause of the tenth section of the first article of the Constitution of the United States, which provides, "That no state shall pass any law impairing the obligation of contracts," the said settlement being in violation of the vested rights of, and the contract with, the appellants, under the supplement to their act of incorporation, and the fourth proviso of the fourth section of the act incorporating the Ransch Creek Company.

The 2d section of the appellant's act of incorporation (Pamph. L. of 1856, p. 175), is:

"The legislature reserves the right to alter, amend and annul this charter at any time hereafter: *Provided*, That no injustice be done to the incorporators: *Provided further, That the said company shall pay a bonus to the state for the privileges above granted, of one-half of one per cent. on its capital stock paid in,* payable in four equal annual instalments after the creation of said capital stock."

The 1st section of the supplement (Pamph. L. of 1862, p. 446) is:—

"That the Union Improvement Company be and the same is hereby invested with all and singular the powers, privileges, and immunities conferred by, and subject to all the restrictions and provisos contained in "An Act to incorporate the Ransch Creek Company."

The 4th section of the act incorporating the Ransch Creek Improvement Company (Pamph. L. 1860, p. 591), contains these provisos:

"The capital stock and dividends of the said company shall not be taxable: And, That nothing herein contained shall be so construed as to exempt the lands which may be held by the said company from taxation."

The tax was imposed under the fourth section of the Act of May 1st 1868 (Pamph. L. 108) which is as follows:—

"The capital stock of *all companies whatever*, incorporated by or under any law of this Commonwealth, or incorporated by any other state and lawfully doing business in this Commonwealth, or that may hereafter be incorporated, except banks and savings institutions and foreign insurance companies, licensed in pursuance of the general acts in relation thereto, shall be subject to pay a tax into the treasury of the Commonwealth annually, at the rate of one half-mill for each one per cent. of dividend made or declared by such company, and in case of a dividend being made or declared by such company then three mills upon a valuation of the

capital stock of the same, made in accordance with the provisions of the second section of this act."

On the 22d of March 1871, the case was tried before Pearson, P. J.

The Commonwealth put in evidence the settlement and rested.

The defendants gave in evidence their act of incorporation and its supplements, and proved that they had paid the bonus to the Commonwealth.

The court directed a verdict for the Commonwealth for $8680.88, the amount found due by the settlement, with interest at 12 per cent., and 5 per cent. penalty, the claim having to be collected by law.

The defendants took a writ of error, assigning for error the instruction of the court.

*L. W. Smith* and *G. W. Woodward*, for plaintiffs in error.— The Act of 1868 does not repeal the special exemption granted to this company, it having no repealing clause and no negative words: Sedgwick on Stat. Law 123, 127, 128; Williams *v.* Pritchard, 4 D. & E. 2; 2 Dwarris on Stat. 514, 532; Williams *v.* Williams, 4 Seld. 526; D'Arcey's Case, Cro. Eliz. 512; Paget *v.* Foley, 2 Bing. N. C. 679; Rex *v.* Pugh, 1 Doug. 179; Brown *v.* County Commissioners, 9 Harris 43; New York & Erie Railroad *v.* Sabin, 2 Cas. 242; Commonwealth *v.* Fayette County Railroad, 5 P. F. Smith 452; Iron City Bank *v.* Pittsburg, 1 Wright 340.

*J. M. McClure* and *F. Carroll Brewster*, Attorney-General, for the Commonwealth.—This taxation does not impair the obligation of the contract: Maltby *v.* The Reading and Columbia Railroad Company, 2 P. F. Smith 149; Commonwealth *v.* Fayette County Railroad, 5 Id. 454; Jersey City and Bergen Railroad Co. *v.* Mayor, &c., of Jersey City, 2 Vroom 580; Morris and Essex Railroad Co. *v.* Miller, Id. 521.

A contract must have a valuable consideration: Charles River Bridge *v.* Warren Bridge, 11 Peters 420; Providence Bank *v.* Pittman, 4 Id. 561.

As to the repeal by the Act of 1868 of former restrictions upon taxation: Commonwealth *v.* Pittsburg, 10 Casey 523; Brown *v.* County Commissioners, 9 Harris 42; Brewster *v.* Hough, 10 N. H. R. 138; Adams *v.* Ashby, 2 Bibb 96.

The opinion of the court was delivered, May 25th 1871, by

WILLIAMS, J.—It is clear that if the company is embraced in the provisions of the Act of May 1st 1868, Pamph. L. 108, it is liable to the tax charged on its capital stock; but it is insisted that it is exempted from its provisions by the supplement to its charter,

[Union Improvement Co. v. Commonwealth.]

approved the 11th of April 1862, Pamph. L. 446, which declares that the capital stock and dividends of the company shall not be taxable. It is conceded that the legislature, under the right expressly reserved in the act of incorporation, had the power to alter or amend the charter of the company, by imposing a tax on its capital stock; and under the decisions of this court in The Iron City Bank v. The City of Pittsburg, 1 Wright 340, and The Commonwealth v. The Fayette County Railroad Co., 5 P. F. Smith 452, the power to impose such a tax could not be successfully controverted or denied. The only question, therefore, for our determination is, whether the supplement to the charter exempting the capital stock of the company from taxation is repealed by the Act of May 1st 1868, under which the taxes in this case were assessed. This depends on the intention of the legislature as expressed in the terms and provisions of the act. The fourth section declares that "the capital stock of all companies whatever, incorporated by or under any law of this Commonwealth, or incorporated by any other state, and lawfully doing business in this Commonwealth, or that may hereafter be incorporated, except banks and savings institutions and foreign insurance companies licensed in pursuance of the general acts in relation thereto, shall be subject to and pay a tax into the treasury of the Commonwealth, annually, at the rate of one half-mill for each one per cent. of dividend made or declared by such company; and in case of no dividend being made or declared by such company, then three mills upon a valuation of the capital stock of the same, &c." It seems to us that the language of this act is too plain to admit of any doubt as to its meaning. It expressly declares that the capital stock of all corporations whatever, doing business in this Commonwealth, except banks, savings institutions and foreign insurance companies, shall be subject to taxation, whether dividends are made or declared by such corporations or not. Why then should we not give to the language of the act its plain and obvious meaning? It is true that this company was exempted from taxation by a special act, but this is wholly immaterial, if it was the intention of the legislature to repeal the exemption by the Act of 1868. If no such repeal was intended, why did the legislature declare that the stock of all companies whatever, except banks, savings institutions and foreign insurance companies, should be subject to the tax imposed by the act? The exemption of these three classes of corporations from the operation of the act, conclusively shows that the legislature intended to include within its provisions all other corporations whatever, whether they had been previously exempted from taxation or not. If such was not their intention, why were they not included within the saving provisions of the act? But the language of the act is too plain to require further argument. It is evident that the legislature

intended to impose a tax on the capital stock of all corporations not expressly excepted from the operation of the act; and in thus deciding, we adhere to the well settled cardinal rule, that the intention of the law-making power as expressed in the statute is to be our guide in its interpretation. The court below was therefore clearly right in instructing the jury that this company is taxable under the Act of 1868, and liable for the amount assessed by the department.

Judgment affirmed.